IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
OHIO
WESTERN DIVISION

**BRIAN D. BELOW,**                          CASE NO. 3:25 CV 360

       Plaintiff,

       v.                                   JUDGE JAMES R. KNEPP II

**CARGILL, INC.,**

       Defendant.                           **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Currently pending in this employee injury case are Defendant Cargill Inc.'s Motion to
Dismiss (Doc. 4) and Plaintiff Brian D. Below's Motion to Amend (Doc. 6). Plaintiff opposed
Defendant's Motion to Dismiss (Doc. 8) and Defendant replied (Doc. 12). Defendant also opposed
Plaintiff's Motion to Amend (Doc. 11); Plaintiff did not reply and the time to do so has passed.
Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons discussed below, Defendant's
Motion to Dismiss (Doc. 4) is granted, and Plaintiff's Motion to Amend (Doc. 6) is denied.

### BACKGROUND

The facts presented in the Complaint are accepted as true for the purposes of a motion to
dismiss. *Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 566–67 (6th Cir. 2013). Those facts are
as follows.

In January 2018, Defendant Cargill, Inc. purchased a pet food processor plant in St. Mary's,
Ohio, where Plaintiff Brian D. Below was employed. (Doc. 1-1, at 3). During his employment,
Plaintiff was routinely exposed to harmful molds, dust, particulates, chemicals, and substances. *Id.*
Both mandatory and voluntary testing protocols, procedures, and safety measures, were disabled,

faked, or manipulated to minimize "perceived or actual danger to Plaintiff and other employees."[1] *Id.* As part of his job duties, Plaintiff was required to manually clear large amounts of mold, dust, and particulates from machinery and storage bins, without following proper protocols. *Id.* at 3–4.

In January 2023, Plaintiff was diagnosed with Chronic Obstructive Pulmonary Disease ("COPD"). *Id.* at 4. Knowing his diagnosis, Defendant continued to assign Plaintiff strenuous and dangerous tasks, and eventually terminated him in October 2023. *Id.*

Plaintiff filed this Complaint in the Common Pleas Court of Auglaize County, Ohio, on January 22, 2015, seeking monetary damages. (Doc. 1-1, at 7). Defendant removed the action to this Court on February 21, 2025. (Doc. 1). The Complaint asserts four claims: (1) negligence; (2) employer intentional tort; (3) common law intentional tort; and (4) negligence by way of "dangerous propensities". *See* Doc. 1-1.

Prior Administrative Proceedings

Before Plaintiff filed this case, in July 2023, Plaintiff's First Report of Injury was filed with the Ohio Industrial Commission (the "Commission") for worker's compensation benefits. (Doc. 8-1). After a hearing on November 8, 2023, the Commission denied Plaintiff's claim for workers' compensation benefits after finding Plaintiff "did not establish a compensable claim." (Doc. 4-2, at 2–3). On February 17, 2024, a staff hearing officer at the Commission affirmed the denial of benefits, specifically stating that she found "insufficient persuasive evidence to support [Plaintiff] sustained an injury or occupational disease in the course of and arising out of his employment." *Id.* at 6. And on March 7, 2024, the Commission issued a final order denying Plaintiff's claim. *Id.* at 8. On April 18, 2024, Plaintiff appealed the Commission's decision and findings to the Court of

---

1. The Complaint does not specify who "disabled", "faked", or "manipulated" these safety and testing protocols, whether it be the employer as a whole or an individual working for it. *See* Doc. 1-1, at 3.

2

Common Pleas for Auglaize County, Ohio (*id.* at 10–24), but he voluntarily dismissed those proceedings on January 2, 2025 (*id.* at 25).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests a complaint's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendant's motion presents two alternate theories under which Plaintiff's Complaint should be dismissed. *See* Doc. 4-1. First, Defendant argues all claims in this case are barred on collateral estoppel grounds. Second, Defendant contends Plaintiff's Complaint fails under the applicable heightened pleading standard for intentional employer torts under Ohio law. Plaintiff claims dismissal is inappropriate (Doc. 11), and moves this Court for leave to amend his Complaint (Doc. 6).

As discussed below, the Court finds each of Plaintiff's claims barred by the doctrine of collateral estoppel and, as such, finds it unnecessary to address Defendant's pleading standard argument. Also expanded upon below, the Court further denies Plaintiff's Motion to Amend.

Defendant's Motion to Dismiss

Defendant contends the issue of whether it caused Plaintiff's alleged injuries has been litigated and decided, precluding his claims here. (Doc. 4-1, at 5–6). It requests this Court take judicial notice of the Commission's proceedings and determination. *Id.* at 6. As discussed below, Ohio law supports the preclusive effect of the Commission's decision, and Sixth Circuit case law supports the consideration of its determinations on a motion to dismiss under 12(b)(6).

Because this Court's jurisdiction is based on diversity, it applies Ohio substantive law to the dispute. *Equitable Life Assur. Soc'y of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). This includes applying the same claim and issue preclusion rules as would be applied by Ohio state courts. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *In re Fordu*, 201 F.3d 693, 702–03 (6th Cir. 1999). But while Ohio law applies to assess the substantive issue of what preclusive effect something is given, federal procedural law governs whether it is appropriate for this Court to consider certain types of evidence on a 12(b)(6) motion. *See Fyda Freightliner Cincinnati, Inc. v. Daimler Vans USA LLC*, 2022 WL 2073394, *4 (S.D. Ohio).

To begin, the Court addresses the parties' dispute over who filed the Ohio Industrial Commission case. An argument over an "apple" is ever-present in the briefs; Defendant claims Plaintiff is "taking a second bite", while Plaintiff contends Defendant "chose the apple." (Docs. 4-1, at 1, 6, 8, 14; 8, at 2, 12; 12, at 8). But this Court cares about laws, not apples. And the law here, discussed below, requires a full and fair *opportunity to litigate* an issue; it contains no requirement for the *opportunity to choose the forum* in which it is litigated.

*Judicial Notice*

Defendant attaches to its Motion multiple Records of Proceeding from Plaintiff's Ohio Industrial Commission case for workers' compensation, as well as Plaintiff's Notice of Appeal

4

and supporting exhibits. (Doc. 4-2). It asks the Court to take judicial notice of those prior proceedings to consider the issue of collateral estoppel, essentially precluding each of Plaintiff's claims for inability to argue the existence of all elements.

While a court typically only considers the pleadings when ruling on a 12(b)(6) motion to dismiss, a court may take judicial notice of matters of public record if the record's contents "prove facts whose accuracy cannot be reasonably questioned." *Bell v. Midland Funding, LLC*, 736 F. Supp. 3d 564, 568 (N.D. Ohio 2024) (taking judicial notice of municipal court docket when analyzing a 12(b)(6) motion to dismiss) (citation modified). Contrary to Plaintiff's assertion, "the Court may take judicial notice of 'letter decisions of governmental agencies' without converting this motion to dismiss to a motion for summary judgment." *Fyda*, 2022 WL 2073394, at *1 n.2 (quoting *J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 87 (6th Cir. 2007)).

Plaintiff's arguments opposing consideration of the Ohio Industrial Commission proceedings appear to be based on two misplaced assumptions: first, that *what* this Court may consider on a motion to dismiss is substantive; and second, that the final determination from an administrative proceeding is subject to dispute. Plaintiff is correct that "the Court does not take judicial notice of the truth of any statement of facts contained within" an administrative record. *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 571 (N.D. Ohio 2012). But he seems to argue the final determination and findings of an administrative judge is subject to reasonable dispute akin to a statement of facts. See Doc. 8, at 3–4.

A court may take "judicial notice of the existence of the documents [of administrative proceedings] *and the proceedings in which the documents were generated, including any rulings made by the various agencies and state courts*". *Embassy Realty Invs.*, 877 F. Supp. 2d at 571 (emphasis added) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir.

2008)) (holding the district court properly took judicial notice that plaintiff had lodged an objection in a bankruptcy proceeding without taking judicial notice of the facts contained in the bankruptcy court documents); *see, e.g.*, *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus.*, 2009 U.S. Dist. LEXIS 76654, at *12–*13 (M.D. Tenn.) (taking judicial notice of the existence of another court's opinions and statements of facts, but not of the truth of those statements); *compare Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (trial court erred in taking judicial notice of disputed facts stated in public records).

This Court can, and will, take notice of the underlying Ohio Industrial Commission Proceeding Records, which are attached to Defendant's Motion and whose authenticity are not disputed. *See Midland Funding*, 736 F. Supp. 3d at 568. As a result, the determinations of the Ohio Industrial Commission case, as noted in the Records of Proceeding, are used in the Court's analysis of collateral estoppel below.

*Collateral Estoppel*

To determine whether an earlier determination is given preclusive effect, federal courts apply the law of the state that issued the judgment. *See Fyda*, 2022 WL 2073394, at *4. Under Ohio law, issue preclusion—sometimes called collateral estoppel—"precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *McKinley v. City of Mansfield*, 404 F.3d 418, 428 (6th Cir. 2005) (quoting *MetroHealth Med. Ctr. v. Hoffmann–Laroche, Inc.*, 80 Ohio St. 3d 212 (1997)). This is regardless of whether the *claims* in the two actions are identical or different. *Mitchell v. Int'l Flavors & Fragrances, Inc.*, 902 N.E.2d 37, 41 (Ohio Ct. App. 2008). Ohio courts have routinely recognized that issues decided in the workers' compensation system related to compensability and causation of injuries allegedly

suffered at work are precluded from being re-litigated in subsequent tort lawsuits based on the same alleged injury. *See, e.g.*, *Young v. Gorski*, 2004 WL 540944, at *3 (Ohio Ct. App.).

While Plaintiff initially contends issue preclusion cannot be raised at this stage, "federal courts apply federal procedural rules, which allows parties to raise the defense of issue preclusion at the 12(b)(6) stage." *See Fyda*, 2022 WL 2073394, at *4 (quoting *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 275 (6th Cir. 2016)). This Court will therefore analyze Defendant's issue preclusion arguments at this juncture.

Plaintiff also argues it is inappropriate for this Court to consider collateral estoppel because he still has the ability to appeal his denial in state court under Ohio's savings statute. (Doc. 8, at 4, 9). Yet the possibility or pendency of an appeal does not preclude the application of collateral estoppel "because a prior state court judgment remains 'final' for preclusion purposes unless or until overturned by an appellate court." *Martin v. Bank of New York, Mellon Corp.*, 2020 WL 1536667, *5 n.6 (S.D. Ohio) (citation omitted); *see U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016) ("In *Hapgood*, a federal district court granted the defendant summary judgment on the ground of res judicata while the plaintiff's case in Ohio state court was on appeal. Nonetheless, we concluded that "[t]he pendency of an appeal . . . does not prohibit application of claim preclusion. The prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court.") (citations omitted). In any event, Plaintiff dismissed his worker's compensation determination appeal, and the Commission's denial of benefits constitutes a final judgment on the merits. *See Martin*, 2020 WL 152667, at *5.

The Ohio Industrial Commission case reflects a determination regarding whether Defendant caused any of Plaintiff's alleged injuries. It is plainly stated that the Commission determined Defendant did not cause any of Plaintiff's alleged occupational injuries or diseases.

*See* Doc. 8-1, at 6 (affirming the denial of benefits on February 17, 2024, specifically stating a finding of "insufficient persuasive evidence to support [Plaintiff] sustained an injury or occupational disease in the course of and arising out of his employment."). There is no dispute that whether Defendant caused Plaintiff's injuries was actually and necessarily litigated. Nor is there any dispute over whether Plaintiff had a full and fair opportunity to do so in the proceedings.

*Employer Negligence Claims*

In the instant case, Plaintiff asserts two negligence claims against Defendant: his First and Fourth Cause of Action. The First Cause of Action vaguely claims Defendant knew of dangerous conditions that, through Defendant's acts and omissions, caused Plaintiff's injuries. (Doc. 1-1, at 4). His Fourth Cause of Action states that Defendant had a duty to protect him from harm in the workplace and its failure to exercise reasonable care caused his injuries. *Id.* at 6–7.

Under Ohio law, "[i]n order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach. The failure to prove any one of these elements is fatal to a claim of negligence." *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 516 (2019) (citing *Strother v. Hutchinson*, 67 Ohio St.2d 282, 286–87 (1981)). Both of Plaintiff's negligence claims incorporate the Complaint's relevant facts, which allege the same workplace injury litigated in the Ohio Industrial Commission proceedings. *See* Doc. 1-1, at 3–4; see also Doc. 4-2, at 2–7.

The Ohio Industrial Commission proceedings determined Defendant was not the cause of his alleged workplace injuries. *See* Doc. 4-2, at 6 ("the Staff Hearing Officer finds insufficient persuasive evidence to support the Claimant sustained an injury or occupational disease in the course of and arising out of his employment [with Defendant]."). As discussed, Plaintiff is precluded from relitigating the determinations of the Commission; he cannot claim Defendant was

the cause of his alleged injuries in this case when prior administrative proceedings determined it was not. As a result, he cannot state a claim for negligence under Ohio law.

*Employer Intentional Torts*

Plaintiff asserts two intentional tort claims against Defendant: his Second and Third Causes of Action. (Doc. 1-1). The Second Cause of Action states an employer intentional tort under Ohio Revised Code § 2745.01 and alleges Defendant's management deliberately failed to follow safety procedures with the intent to injure Plaintiff, causing his injuries. *Id.* at 5. His Third Cause of Action vaguely states Defendant committed an employer intentional tort under common law, knowing of and failing to remediate dangerous conditions which led to Plaintiff's injuries. *Id.* at 5–6. Again, both of these claims allege Defendant causing the same injuries described in and litigated during the Ohio Industrial Commission Proceedings.

Similarly to negligence claims, Ohio law requires proof of causation for employer intentional tort claims. *Pixley v. Pro-Pak Indus., Inc.*, 142 Ohio St. 3d 203, 203 (2014) ("Pursuant to R.C. 2745.01, an intentional tort claim requires a demonstration of the employer's intent to cause injury to an employee."). And even if Plaintiff could bring a common law intentional tort claim against Defendant,[2] a finding of causation would still be necessary. *Haller v. Borror Corp.*, 50 Ohio St. 3d 10, 16 (1990) ("In order to maintain an action for intentional tort, a plaintiff must show that the wrong of the defendant is the proximate or legal cause of the harm complained of.").

Additionally, an employee asserting an employer intentional tort claim under Ohio law is subject to a heightened standard of review on a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

---

2. Plaintiff's Third Cause of Action contends the Ohio statute requiring intentional torts claims against employers be brought under said statute is unconstitutional and asserts a claim under common law. *See* Doc. 1-1, at 5–6. This Court need not discuss such an argument, as the claim would fail regardless for the reasons discussed.

*O'Connor v. Nationwide Child.'s Hosp.*, 219 F. Supp. 3d 673, 680 (S.D. Ohio 2016) (quoting *Byrd v. Faber*, 565 N.E.2d 584, 589 (Ohio 1991)). This standard requires a plaintiff to plead the operative facts asserting an employer intentional tort claim with particularity. *Byrd*, 565 N.E.2d at 589.

Regardless of the heightened pleading standard, these claims must be dismissed for the same reasons as Plaintiff's negligence claims: he cannot raise the issue of whether Defendant caused the injuries he alleges. As such, Defendant is entitled to a dismissal of these intentional tort claims.

Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15 instructs courts to "'freely give leave' to amend." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting Fed. R. Civ. P. 15). Even so, "Plaintiffs are not entitled to a directive from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2018) (citation and quotation marks omitted) (finding no abuse of discretion when the court denied the plaintiffs' motion to amend "because Plaintiffs' request was perfunctory and did not point to any additional factual allegations that would cure the complaint").

Here, Plaintiff requests leave to amend in a five-sentence motion. (Doc. 6). He attaches no proposed Amended Complaint and identifies no additional factual allegations that he would include. *Id.* The only substantive reason he gives for requesting such leave is "to clarify factual allegations contained in the [C]omplaint based, in part, on newly discovered evidence." *Id.* at 1. As such, Plaintiff's Motion to Amend is denied.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 4) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion to Amend (Doc. 6), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2025

11